50   55
43a 204

50   55
85a 569

</div>

HAMILTON J. MILLER *et al.*, Appellants, *v.* THE GREAT REPUBLIC INSURANCE COMPANY, PETER P. MANION, STOCKHOLDER, Respondent.

1. *Constitution — Corporations — Double liability of stockholders.*—A stockholder in a corporation is not liable for double the amount of his stock (see State Const., art. VIII, ? 6, and Wagn. Stat. 291, ? 13) on execution against the company, the execution having been levied, after his stock has been transferred on its books and the transfer is in all respects complete.

2. *Corporations — Transfer of stock — Insolvency of purchaser.* — Where, before execution against a corporation, the stockholder, honestly and without any intention to defeat the creditors of the company, sells and transfers his stock, the mere fact that the purchaser was insolvent at the time is not sufficient to hold such stockholder still liable for the debts.  The question in such cases is, whether the transfer was fraudulent and void as to creditors of the company.   If the stockholders knew of the insolvency at the time of the transfer, it would be very strong evidence of fraud.

*Appeal from St. Louis Circuit Court.*

*Fisher & Rowell*, with *Sharp & Broadhead*, for appellants.

*Mauro & Laughlin*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs, after issuing an execution on a judgment obtained by them against the Great Republic Insurance Company, and finding no property of the company whereon to levy, filed a motion in the Circuit Court against the defendant Manion, asking for an execution against him as stockholder.

The facts show that Manion was one of the original stockholders to the amount of twenty shares of stock, but, more than a year before the issue of the execution against the company, had sold and transferred his stock to one Whitesides, who afterwards turned out to be insolvent. The transfer was regularly·made on the books of the company, and the defendant knew nothing of the insolvency of Whitesides at the time of the transfer, and the evidence conduced to show that the transfer was made in good faith and for a' valuable consideration, and not to defeat the creditors of the company.

Upon this state of facts the court declared the law to be that if the defendant made the transfer of his stock to Whitesides in good faith and without any intention to exonerate himself from liability, then such transfer was valid, and he is not liable although Whitesides was insolvent at the time. And the court refused to declare that the simple fact that Whitesides was insolvent at the time of the transfer rendered the defendant liable.

The question as to what stockholders are liable to an execution by a creditor of a corporation, under what is commonly known as the "double liability" clause, was before this court in the case of McClaren v. Franciscus, 43 Mo. 452. The court there held that the language employed in the constitution and the thirteenth section of the statute concerning corporations (Wagn. Stat. 291) is essentially the same, and in each case the words seem to be used in the present tense and apply to the actual stockholder

when the execution is issued. The court, however, in that case held the stockholder liable because the transfer he had made was not complete on the books of the company. He had merely transferred his certificate of stock, and did not have the transfer entered on the books; so he was still held a stockholder as to the execution-creditors of the company. In the case under consideration the transfer was made on the books of the company and is complete in all respects.

The only remaining question is whether the defendant is liable because his alienee was insolvent at the time of the transfer. It is a universal principle of common law that the absolute ownership of property carries with it the right to transfer or dispose of it as the owner may see proper. He cannot do this so as to defeat the claims of honest creditors. In a case like this a creditor has no claim against a stockholder until he has exhausted his remedy against the company; or rather, his claim commences from the time he issues his execution against the company. If, before any execution be issued, the stockholder shall have honestly and without any intention to defeat the creditors of the company, sold and transferred his stock, the mere fact that the purchaser was insolvent at the time is not sufficient to hold such stockholder still liable for the debts. The question in such case is whether the transfer was fraudulent and void as to the creditors of the company. If the stockholder knew of the insolvency at the time of the transfer, it would be very strong evidence of fraud, and it would be hard to resist the conclusion that such transfer was made in bad faith. In this case there is no evidence that the stockholder had any knowledge that Whitesides was insolvent when he sold his stock. Upon the evidence in the case the court found that the transfer was made in good faith. The evidence fully sustains this finding. We see no error in the record.

Judgment affirmed. The other judges concur.