PROVIDENT SAVINGS INSTITUTION, Respondent, *vs*, The JACKSON PLACE SKATING AND BATHING RINK—BENJAMIN HORTON Appellant,

52  557
85a 569

1. *Corporations—Double liability of stockholders—Transfer of stock.* — A stockholder cannot escape his liabiliy under the former double liability clause of the constitution of the state, by transferring his stock in the corporation to an insolvent, or with a view of exonerating himself from his personal responsibility

*Appeal from St. Louis Circuit Court.*

*Seneca N. Taylor* for Appellant.

Laws and amendments to constitutions touching remedies may be repealed or amended according to the will of the Legislature. (Sturgis vs. Crowninshield 4,Wheat. 122; Cooley's Const., Lim., 286-7.)

*Hitchcock, Lubke & Player* for Respondents.

I. Although the double liability clause was repealed in November, 1870, and before respondent obtained judgment, such repeal cannot affect the rights of respondent which accrued while said clause was in force.

If the repealing amendment purported to affect such rights, it would be unconstitutional and void under Sec. 10 of Art. 1 of the U. S. Constitution. (Hawthorne vs. Calef, 2 Wal. 10.) But it does not purport to affect such rights. [W. S. (1872,) p. 66 a.]

II. Under the instruction given for appellant, the Court must have found either that Clark was insolvent at the time of the transfer, or that the transfer was a mere sham, and in either event it was void against plaintiff. (McLaren vs. Franciscus, 43 Mo. 452, Angell and Ames on Corp., Art. 623.)

WAGNER, Judge, delivered the opinion of the court.

This case is the same in all particulars as the one of the same plaintiff's against Parker, previously decided at this term of the court, with the exception, that, before the judgment was obtained and the execution issued against the corporation, Horton had transferred his stock.

It seems, that Horton owned three shares of one hundred dollars each: that at the time the transfer was made the Skating and Bathing Rink Co. was hopelessly insolvent: that the transfer was made for the nominal consideration of one dollar to one Clark, and the evidence strongly tended to show that Clark was also insolvent.

At Horton's request the court declared the law to be, that if he transferred his stock for a valuable consideration to Clark, and Clark was not insolvent at the time of the transfer, then the motion for judgment against him should be overruled. The Court refused the other instruction which he asked, and then found for plaintiff.

In McClaren vs. Franciscus (43 Mo. 452) it was held, that members of a corporation who would be liable, if they continued members, to the creditors of the corporation, would still be treated as members, if they had disposed of their interest to an insolvent, or with a view of exonerating themselves from their present responsibility.

In the case of Miller vs. the Great Republic Ins. Co. *et al* (50 Mo. 55) it was said, that where, before execution against a corporation, the stockholder honestly, and without any intention to defeat the creditors of the company, sold and transferred his stock, the mere fact that the purchaser was insolvent at the time was not sufficient to hold the stockholder liable for the debts.

The third instruction refused did not go far enough, according to the above authorities, and the others were all rightly refused, because they predicated irresponsibility on the constitutional amendment repealing the double liability clause. It is evident, that the court must have found, that Horton's transfer was a mere sham to avoid his liability to the creditors of the corporation. That finding we cannot disturb.

Judgment affirmed. The other judges concur, except Judge Sherwood, who is absent.