FREDERICK GOTTSCHALK, Assignee, Respondent, v. EMANUEL STOVER, Appellant.

### St. Louis Court of Appeals, November 5, 1900.

1. **Fraudulent Transfer: CORPORATION: TRANSFER OF STOCK: CREDITOR: SHAREHOLDER.** A transfer of shares in a failing corporation, made by the transferrer with the purpose of escaping his liability as a shareholder to a person who, from any cause, is incapable of responding in respect of such liability, is void as to creditors of the company and as to other shareholders, although as between the transferrer and the transferee, the transfer may have been out and out.

2. **Corporation: CAPITAL STOCK: TRUST FUND.** The capital stock of a corporation is a trust fund for the security and benefit of creditors.

3. **Knowledge of Insolvency of Corporation: EVIDENCE: BAD FAITH.** If the stockholder knows of the insolvency of the corporation at the time of transfer, it is strong evidence, and it would be hard to resist the conclusion that such transfer was made in bad faith.

4. ———: ———: ———: ASSIGNMENT FOR BENEFIT OF CREDITORS. In the case at bar the conclusion is irresistable that the defendant was acquainted with the limited finances of his son, and that defendant was aware of the failing condition of the corporation of which he was secretary and treasurer, when he disposed of his stock therein, the evidence showing that the corporation made no losses between that date and the time of its subsequent assignment for creditors in the following month.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

There is no evidence in the case that the sale of the stock by father to son upon which the capital stock was not paid was fraudulent. The acts shown and relied upon are as consistent with an honest purpose as with a dishonest one and under such circumstances the law presumes the honest purpose. Paine v. Railroad, 121 Mo. 405; Glover v. Ins. Co., 130 Mo. 173. The relationship of father and son existing betwixt the seller of the stock and the purchaser is not a circumstance from which in itself the court can infer a fraudulent intent. State ex rel. v. True, 20 Mo. App. 176; Martin v. Fix, 40 Mo. App. 664; Simon-Gregory D. G. Co. v. McMahon, 61 Mo. App. 500; Farewell v. Meyer, 67 Mo. App. 566; Robinson v. Dryden, 118 Mo. 536. The transfer of the stock to his son who was not able, out of other property, to pay the liability accruing and incident to the unpaid capital is no evidence of fraudulent intent. Miller v. Mannion, 50 Mo. 55,

*Ed. L. Gottschalk* for respondent.

(1) "A transfer of shares in a failing corporation, made by the transferrer, with the purpose of escaping his liability as shareholder, to a person who, from any cause, is incapable of responding in respect of such liability, is void as to creditors of the company, and as to other shareholders, although as between the transferrer and the transferee, the transaction may have been out and out." Prov. Sav. Inst. v. Jackson Place, 52 Mo. 557; McClaren v. Franciscus, 43 Mo. 452, see 468; Miller v. Great Rep. Ins. Co., 50 Mo. 55; 3 Thompson on Com. Corp., sec. 3259. Stress is laid on the intent to escape the liability. Says the author, 3 Thompson on Com. Corp., sec. 3261: "This intent is generally incapable of direct proof, * * * it must therefore be inferred

from circumstances. That the corporation, or the transferee, or both, were at the time, notoriously insolvent, would be sufficient to warrant the inference of such intent, and such circumstance would overbear the testimony of a single witness." Bowden v. Johnson, 107 U. S. 251, 262. (2) "Under all these circumstances, the omission of the defendant to testify as a witness for himself, in reply to the evidence against him, is of great weight." Bowden v. Johnson, 107 U. S. 262; Lathrop v. Adams, 133 Mass. 477. (3) "Where the petition distinctly charges fraud upon a defendant, his unexplained failure to appear and testify to his own innocence will be regarded as a strong circumstance against him." Mahary v. McClurg, 74 Mo. 575. (4) "Transactions between persons occupying intimate and confidential relations are subject to a more jealous scrutiny than those occurring between strangers, and the parties are held to a fuller and stricter proof of the consideration and fairness of such transactions when they conflict with the rights of others." Leavitt v. Laforce, 71 Mo. 353.

BOND, J.—The defendant was secretary and treasurer of the assignor of plaintiff, a corporation. He also held stock of the par value of $1,800 in said corporation, one-half of which remained unpaid on the sixth of June, 1898, on which date he transferred this stock for $5 to his son, a young man with no property, except a watch, wearing apparel and a bicycle, aggregating about $200 in value. On the thirteenth of July the said corporation assigned its assets to plaintiff for the benefit of its creditors, who brings this action to recover so much of the unpaid stock formerly held by defendant as shall be sufficient, with the other assets in plaintiff's hands, to pay the allowed demands of the creditors of the corporation. Plaintiff had a decree and defendant appeals

to this court and asks for its reversal on the ground of a lack of evidence that the transfer of the stock was fraudulent as to the creditors of the corporation.

The law on the subject is well stated by a learned writer, as follows: "A transfer of shares in a failing corporation, made by the transferrer with the purpose of escaping his liability as a shareholder to a person who, from any cause, is incapable of responding in respect of such liability, is void as to creditors of the company and as to other shareholders, although, as between the transferrer and the transferee, the transfer may have been out and out. This conclusion necessarily results from the American doctrine that the capital stock of a corporation is a trust fund for the security and benefit of creditors." Thompson on Priv. Cor., sec. 3259. This rule has been adopted by the supreme court of this state. McClaren v. Franciscus, 43 Mo. loc. cit. 468; Prov. Sav. Inst. v. Jackson Place, 52 Mo. 557; Miller v. Ins. Co., 50 Mo. 55. In the case last cited it is said in speaking of proof of intent to defraud on the part of the transferrer as inferable from his knowledge of the insolvency of the transferee, to-wit: "If the stockholder knew of the insolvency at the time of the transfer, it would be very strong evidence and it would be hard to resist the conclusion that such transfer was made in bad faith." In the case at bar the conclusion is irresistible that the defendant was acquainted with the limited finances of his son, who resided with the father, and was shown to have no property except wearing apparel and a bicycle, all not exceeding $200 in value. It is equally impossible to resist the conclusion that the defendant was fully aware of the failing condition of the corporation, of which he was secretary and treasurer, when he disposed of his stock therein, the evidence showing that the corporation made no losses between that date and the time of its sub-

sequent assignment for creditors in the following month. It follows that the conclusions of the trial court that the defendant disposed of his stock in fraud of the creditors of the corporation was supported by the great preponderance of the testimony adduced on the trial. The decree is therefor affirmed. All concur.